UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>  Plaintiff,<br><br>v.<br><br>LARRY WARSHAW AND CAROL WARSHAW AS TRUSTEES FOR CAROL ANN ENTERPRISES, INC. PENSION PLAN, SAJUST, LLC, and MARK D. WEINBERG,<br><br>  Defendants. | Adv. Pro. No. 12-01092 |

**STIPULATION AND ORDER STAYING ACTIONS COMMENCED BY DEFENDANTS**

**WHEREAS** on November 24, 2010, Irving H. Picard (the "Trustee"), as Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa *et. seq.*, and the Estate of Bernard L. Madoff commenced an adversary proceeding against Steven B. Mendelow ("Mendelow"), Nancy Mendelow, Cara Mendelow, Pamela Christian, C&P

1

Associates, Ltd., and C&P Associates, Inc. (Adv. Pro. No. 10-04283 (BRL)) (the "Mendelow Proceeding");

**WHEREAS** on December 3, 2010, the Trustee commenced an adversary proceeding against FGLS Equity LLC (Adv. Pro No. 10-05191 (BRL)) (the "FGLS Proceeding");

**WHEREAS** on or about December 3, 2010, Larry Warshaw and Carol Warshaw, as Trustees for Carol Ann Enterprises, Inc. Pension Plan and Sajust, LLC (collectively the "Warshaw Plaintiffs") commenced an action in Supreme Court, New York County against Mendelow, Konigsberg Wolf, and Paul Konigsberg (*Warshaw v. Mendelow*, Index No. 652173/2010) (the "Warshaw Action");

**WHEREAS** on or about December 9, 2010, Mark D. Weinberg ("Weinberg") commenced an action in Supreme Court, New York County against Mendelow, Konigsberg Wolf, and Paul Konigsberg (*Weinberg v. Mendelow*, Index No. 652222/2010) (the "Weinberg Action");

**WHEREAS** on January 18, 2011, Mendelow filed a memorandum of law in support of a motion in the Mendelow Proceeding (Docket No. 6) seeking to enforce the automatic stay and requesting that the Warshaw Action brought by the Warshaw Plaintiffs be stayed and/or enjoined as violative of section 362(a) of the Bankruptcy Code and as infringing on the Bankruptcy Court's jurisdiction (the "Motion");

**WHEREAS** on February 23, 2012, the Trustee filed a complaint and his own application for enforcement of the automatic stay and to enjoin the Warshaw Plaintiffs and Weinberg from litigating against Mendelow pending the completion of the Mendelow Proceeding (the "Trustee's Injunction Application");

**WHEREAS** the Warshaw Plaintiffs and Weinberg state they are entering into this Stipulation exclusively for the purpose of avoiding additional expenses from litigating the complex issues being raised in the Mendelow Proceeding. By entering into this Stipulation, the Warshaw Plaintiffs and Weinberg do not concede the validity of any of the underlying contentions raised by the Trustee in support of his Stay application. Thus, this stipulation cannot be used by any non-signatories to this stipulation to establish the validity of any of the contentions underlying the Trustee's stay motion in any discovery dispute raised in the Warshaw Action or the Weinberg Action; and

**WHEREAS** the parties hereto have agreed to the following terms to resolve the Trustee's Injunction Application.

**IT IS HEREBY STIPULATED AND AGREED:**

1. The Warshaw Plaintiffs voluntarily agree to stay prosecution of their claims asserted against Mendelow in the Warshaw Action pending the final resolution of the Mendelow Proceeding and the FGLS Proceeding. The Trustee affirmatively acknowledges that nothing in this stipulation is intended to impact or limit the ability of the Warshaw Plaintiffs to pursue their claims against parties in the Warshaw Action other than Mendelow.

2. Weinberg voluntarily agrees to stay prosecution of his claims asserted against Mendelow in the Weinberg Action pending the final resolution of the Mendelow Proceeding and the FGLS Proceeding. The Trustee affirmatively acknowledges that nothing in this stipulation is intended to impact or limit the ability of Weinberg to pursue his claims against parties in the Weinberg Action other than Mendelow.

3. The voluntary stays agreed to by the Warshaw Plaintiffs and Weinberg notwithstanding, the Trustee will not object to the Warshaw Plaintiffs and/or Weinberg taking

discovery as to Mendelow with respect to the continuing actions against other defendants in the separate Warshaw Action and the Weinberg Action, provided such discovery does not adversely impact the Trustee and/or the Mendelow Proceeding, and/or the FGLS Proceeding in the Trustee's reasonable discretion.

4. To the extent the Warshaw Plaintiffs or Weinberg wish to seek discovery from the Trustee, while the Trustee discourages any such discovery, he will consider limited discovery to the extent shown to be necessary and unavailable from any other source.

5. This Stipulation is binding on the parties who are signatories to it, however, the parties may revisit and reexamine the terms of this stipulation for good cause shown.

6. All disputes relating to this Stipulation remain in the exclusive jurisdiction of the Bankruptcy Court. However, nothing in this Stipulation provides non-signatories to this Agreement the right to raise objections to discovery served in the Warshaw Action and the Weinberg Action in the Bankruptcy Court. Further, nothing in this Stipulation provides non-signatories to this Agreement standing to object in State Court that a particular issue somehow adversely impacts the Trustee, and/or the Mendelow Proceeding, and/or the FGLS Proceeding.

7. Upon execution of this Stipulation by the Parties, and the Ordering of it by the Court, the Trustee will dismiss without prejudice the Complaint filed against the Warshaw Plaintiffs and Weinberg.

*remainder of page left blank*

| | |
|---|---|
| HOFFMAN POLLAND & FURMAN PLLC<br><br>By: /s/ *Russell Bogart*<br>220 E. 42nd Street, Suite 435<br>New York, New York 10017<br>Telephone: 212.338.0700<br>Facsimile: 212.338.0093<br>Russell Bogart<br>Email: rbogart@hpf-law.com<br><br>*Attorneys for Larry and Carol Warshaw, as Trustees of Carol Ann Enterprises, Inc. Pension Plan, and Sajust, LLC* | BAKER & HOSTETLER LLP<br><br>By: /s/ *Keith R. Murphy*<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: 212.589.4200<br>Facsimile: 212.589.4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Keith R. Murphy<br>Email: kmurphy@bakerlaw.com<br>Jonathan B. New<br>Email: jnew@bakerlaw.com<br><br>*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC* |
| COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.<br><br>By: /s/ *Steven L. Klepper*<br>900 Third Avenue<br>16th Floor<br>New York, New York 10022<br>Telephone: 212.752.8000<br>Facsimile: 212.752.8393<br>Steven L. Klepper<br>Email: sklepper@coleschotz.com<br><br>*Attorneys for Mark D. Weinberg* | |

**SO ORDERED:**

/s/Burton R. Lifland                        Dated: March 13, 2012
**HON. BURTON R. LIFLAND**                   New York, New York
**UNITED STATES BANKRUPTCY JUDGE**

5